UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL LEWIS SURLES,

        Plaintiff,

                                CASE NO. 05-CV-74534-DT
v.                                HONORABLE GERALD E. ROSEN
                                MAGISTRATE JUDGE MORGAN

DONALD ANDISON,

        Defendant.
_____/

## ORDER OF DISMISSAL

### I. Introduction

      Plaintiff Samuel Lewis Surles has filed a *pro se* motion for injunctive relief and a civil rights complaint under 42 U.S.C. §§ 1981, 1983, and 1985(3). Plaintiff is a state prisoner at Gus Harrison Correctional Facility in Adrian, Michigan where defendant D. Andison is a resident unit manager. The complaint alleges that, in 2004 and in 2005, Defendant confiscated Plaintiff's legal papers and computer disks. According to Plaintiff, Defendant read Plaintiff's papers and, on July 12 or 13, 2005, accused Plaintiff of insolence and of attempting to commit a felony by threatening Andison's life. Plaintiff was found guilty of insolence, but the latter charge was dismissed.

      At a property hearing on July 20, 2005, Defendant allegedly ignored Plaintiff's objections as meaningless. Plaintiff claims that Defendant had no jurisdiction to conduct the hearing and was biased against him. Between March 31, 2004, and August of 2005, Defendant allegedly sentenced Plaintiff to detention for over eighty-three days. Plaintiff asserts that the sanctions were motivated by a desire to harass him and retaliate against him. He sues Defendant

in his personal capacity for declaratory, injunctive, and monetary relief.

## II. Discussion

A preliminary question in prisoner civil rights cases challenging the conditions of confinement is whether the prisoner exhausted administrative remedies before filing the complaint. Section 1997e(a) of Title 42, United States Code, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory, and it applies to all inmate suits about prison life, whether under § 1983 or some other federal law, *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002), and regardless of the relief sought and offered through administrative procedures, *Booth v. Churner*, 532 U.S. 731, 741 & 741 n.6 (2001). Exhaustion of administrative remedies is mandatory "even if proceeding through the administrative system would be 'futile.'" *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005), *petition for cert. filed*, 74 U.S.L.W. 3424 (U.S. Jan. 9, 2006) (No. 05-874).

The Michigan Department of Corrections (MDOC) has a three-step administrative remedy procedure. *See* MDOC Policy Directive 03.02.130 (Dec. 19, 2003). These procedures

> require the prisoner to first file a grievance with the internal grievance coordinator at the prison in which he is incarcerated. If the grievance is denied at this level, the prisoner can appeal it to the prison's warden. If denied a second time, the prisoner can exercise a final appeal to the office of the Michigan Department of Corrections' director. *See* MDOC Policy Directive 03.02.130. Once the prisoner has undertaken all three of these steps, his grievance is considered fully exhausted.

*Jones Bey*, 407 F.3d at 803 n.2.

On February 15, 2006, the Court ordered Plaintiff to show cause why his complaint

*Surles v. Andison*, No. 05-CV-74534-DT

should not be dismissed for failure to exhaust administrative remedies for his claims. Plaintiff responded to the Court's order by demonstrating that he filed grievances against Defendant on January 16, 2004, October 4, 2004, and October 5, 2004. These grievances complained of incidents, which occurred on December 30, 2003, July 26, 2004, and September 10, 2004. The pending complaint, however, complains of different events. Plaintiff alleges that, in 2005 Defendant read Plaintiff's legal paperwork, filed a false charge against Plaintiff, and held a property hearing over which he had no jurisdiction. These events occurred after Plaintiff pursued administrative remedies against Defendant.

The Court recognizes that the events mentioned in the 2004 grievances are similar to the events at issue in the pending complaint. However, at least two of the 2004 grievances were returned to Plaintiff without a decision because he bypassed steps I and II of the grievance procedures and submitted the grievances directly to the Director of MDOC at step III. Plaintiff asserts that he was entitled to pursue his claims directly at step III because he was alleging staff corruption. *See* MDOC Policy Directive 03.02.130 S. (stating that "[a] grievant may file a grievance alleging racial or ethnic discrimination or staff brutality or corruption directly to Step III"). State officials, however, determined that Plaintiff should first present his grievance at Step I, and Plaintiff has not shown that he did so after his grievances were returned to him.

Plaintiff nevertheless claims that he has been deterred from exhausting administrative remedies by having his access to grievance procedures restricted due to the filing of improper grievances. The Sixth Circuit has stated that "modified access does not deny a Michigan prisoner the right or ability to seek redress for meritorious grievances. Rather, it merely requires

3

the prisoner to obtain permission from the grievance coordinator to file a grievance." *Kennedy v. Tallio*, 20 Fed. Appx. 469, 470 (6th Cir. 2001) (unpublished opinion); *see also* MDOC Policy Directive 03.02.130 JJ. to NN. (explaining procedures for prisoners on modified access). Petitioner has not shown or alleged that he sought permission from the grievance coordinator to file a grievance on the matters alleged in his complaint.

The Court concludes that Plaintiff has not pursued his pending claims at all three steps of MDOC's grievance procedures. Accordingly, Plaintiff's motion for injunctive relief `[Doc. #3, Nov. 30, 2005] is DENIED, and his complaint [Doc. #1, Nov. 30, 2005] is DISMISSED without prejudice.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: April 20, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 20, 2006, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager